UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NORA BOWERS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 16-12127 |
| | * | |
| WALMART STORES, INC. | * | SECTION "L" (3) |
| | * | |

## ORDER & REASONS

Before the Court is Defendant Walmart Stores, Inc.'s ("Walmart") Motion to Stay. R. Doc. 4. Plaintiff Bowers opposes the Motion. R. Doc. 9. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

## I.     BACKGROUND:

This case arises from an alleged slip and fall at a Slidell Walmart facility. R. Doc. 1 at 3. Plaintiff alleges that on or around July 17, 2015, she slipped and fell on a substance on the floor of one of the aisles. R. Doc. 1 at 3. Plaintiff contends that the Defendant either had actual knowledge of the hazardous condition, or in the alternative, that the substance was on the floor for such a long time that the Defendant should have known about the hazard. R. Doc. 1 at 4. As such, Plaintiff claims that the Defendant either created, failed to remedy, or failed to warn about the hazardous condition. R. Doc. 1 at 4. Plaintiff seeks past, present and future damages for pain and suffering, mental anguish, medical expenses, lost wages, disability and earning capacity.

Jurisdiction exists pursuant to 28 U.S.C. § 1332, as Plaintiff is a Louisiana citizen and Defendant is a Delaware corporation with a principal place of business in Arkansas. R. Doc. 1 at 2. Plaintiff contends that her damages exceed the jurisdictional amount. Defendant has not yet filed an answer, but instead filed a Motion to Stay, seeking to stay this case pending the resolution of the same claim in a state court proceeding. R. Doc. 4.

## II.  PRESENT MOTION

### A.  Defendant Walmart's Motion to Stay (R. Doc. 4)

Defendant's Motion seeks to stay this case pending the resolution of the state court suit Plaintiff filed regarding this same accident. R. Doc. 4-2 at 1. Defendant explains that this accident occurred in July 2015, and Plaintiff filed a claim in state court on November 5, 2015. R. Doc. 4-2 at 2. Seven months later, Plaintiff filed a claim in this Court based on the same incident, seeking the same damages. R. Doc. 4-2 at 1-2. Defendant acknowledges that abstention is a narrow doctrine, but avers that *Colorado River* abstention is appropriate in this case. R. Doc. 4-2 at 3.

First, Defendant argues that the state and federal court lawsuits are parallel, such that *Colorado River* abstention should apply. According to Defendant, cases are parallel when "substantially the same parties [are] litigating substantially the same issues." R. Doc. 4-2 at 5 (quoting *King v. Martin*, 2013 WL 1193678, at *4 (W.D. La. Mar. 22, 2013) (internal citations omitted)). Defendant contends these lawsuits involve the same parties and the claims in each case arise from the same July 17, 2015 slip and fall at the Slidell Wal-Mart. R. Doc. 4-2 at 5. Thus, Defendant avers the actions are parallel.

Second, Defendant addresses the requirements for abstention under *Colorado River*. R. Doc. 4-2 at 5. According to Defendant, these factors are:

> (1) whether the state or federal court has assumed jurisdiction of the res; (2) the inconveniences of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction

R. Doc. 4-2 at 5 (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818-19 (1976)). Defendant addresses each of these factors in turn.

Defendant acknowledges that in the Fifth Circuit, the fact that no court has assumed jurisdiction over property weighs against abstention. R. Doc. 4-2 at 6. However, Defendant argues that some district courts outside the Fifth Circuit have held that this factor is irrelevant when the litigation does not involve property. R. Doc. 4-2 at 6 (citing *Reiseck v. Universal Communications of Miami, Inc.*, 141 F.Supp.3d 1295, 1305 (S.D. Fla. 2015) (finding that jurisdiction over property was neutral when the proceeding was not in rem); *Albright v. Sears, Roebuck and Co.*, 1995 WL 664742, at *2 (E.D. Pa. Nov. 7, 1995)). As to the convenience factor, Defendant suggests that the 22nd Judicial District Court in St. Tammany Parish is more convenient than the Eastern District of Louisiana. R. Doc. 4-2 at 6.  However, it admits that courts in the Fifth Circuit have found that federal and state courts within the same region are in close proximity to one another and therefore equally convenient. R. Doc. 4-2 at 6 (citing *King v. Martin*, 2013 WL 1193678, at *5 (W.D. La. Mar. 22, 2013). Nonetheless, Defendant contends that this factor also favors abstention. R. Doc. 4-2 at 6.

Next, Defendant argues that allowing this action to proceed in both state and federal court would result in piecemeal litigation, and thus the third *Colorado River* factor weighs heavily in favor of abstention. R. Doc. 4-2 at 6. In particular, Defendant avers that because of the identical issues and parties in the state and federal cases, this Court should exercise abstention. R. Doc. 4-2 at 7. Defendant points to courts outside of the Fifth Circuit that held duplicative litigation weighs in favor of abstention. See cases cited R. Doc. 4-2 at 7 n.29. Next, Defendant contends that Plaintiff filed in state court first, which favors abstention. R. Doc. 4-2 at 7. According to Defendants, the state court suit was filed seven months before the federal case, and in that time the parties exchanged written discovery in the state action. R. Doc. 4-2 at 7. Defendant argues that because there has been no activity in the federal case, the fourth factor favors abstention. R. Doc. 4-2 at 7.

Defendant avers that the fifth factor favors abstention, because Louisiana law governs the claims in this case. R. Doc. 4-2 at 8. Defendant acknowledges that under Fifth Circuit precedent this factor can only weigh against, rather than in favor of abstention, but nonetheless argues that this Court should find this factor supports abstention, as the suit involves the application of state law. R. Doc. 4-2 at 8. Finally, Defendant contends that there is no reason Plaintiff's rights cannot be litigated in state court. R. Doc. 4-2 at 8. Again, Defendant acknowledges that under Fifth Circuit precedent, this factor can only be neutral or weigh against abstention. R. Doc. 4-2 at 8. However, Defendant argues that the Court should instead follow the decisions of federal courts outside the Fifth Circuit, and find that this factor supports abstention. R. Doc. 4-2 at 8.

In sum, Defendant argues that only the first Colorado River weighs against abstention. Defendant contends that the third and fourth factors favor abstention in this case, while the second, fifth, and sixth factors are neutral.

### B.  Plaintiff Bowers' Opposition (R. Doc. 9)

Plaintiff begins by arguing her claims should not be dismissed, because abstention does not allow courts to dismiss entire claims. R. Doc. 9 at 2. Next, Plaintiff discusses Defendant's abstention arguments, and emphasizes that abstention is "an extraordinary and narrow exception" to a court's duty to exercise jurisdiction. R. Doc. 9 at 3 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)). Plaintiff then argues that abstention is not warranted in this case, based on the application of the six *Colorado River* factors. R. Doc. 9 at 3.

Plaintiff agrees with Defendant that the fifth and sixth favors, whether federal law governs the claim and the adequacy of a state remedy, are both neutral in this case. R. Doc. 9 at 7. Additionally, Plaintiff agrees that the first factor, whether the Court has jurisdiction over a particular piece of property, weighs against abstention in this matter, as there is no immovable

property at issue in this case. R. Doc. 9 at 4. However, while Defendant argues that the remaining factors are either neutral or support abstention, Plaintiff contends that the second, third, and fourth factor all weigh against abstention. R. Doc. 9 at 4-6.

First, Plaintiff argues that neither the state or federal forum is more convenient, which must weigh against abstention. R. Doc. 9 at 4 (citing *Murphy*, 168 F.3d at 738). According to Plaintiff, the difference in convenience between the Eastern District and the 22nd Judicial District Court in St. Tammany Parish is "too insignificant" to warrant abstention. R. Doc. 9 at 4. Next, Plaintiff argues that exercising jurisdiction will not result in piecemeal litigation. R. Doc. 9 at 5. According to Plaintiff, the single negligence claim in state and federal court involves the same attorneys and the same parties. Thus, if a judgment were entered in either court it would resolve the claim in both cases. R. Doc. 9 at 5. Finally, Plaintiff contends that the fact the state claim was filed first is not determinative. R. Doc. 9 at 6. Instead, Plaintiff argues that priority should be given "in terms of how much progress has been made in the two actions." R. Doc. 9 at 6 (quoting *Moses H. Cone*, 460 U.S. at 21). According to Plaintiff, "both cases are in their infancy" and there are no deadlines or scheduling orders in the state case. R. Doc. 9 at 6. Additionally, Plaintiff avers that given the large number of cases on the state court docket, it is unlikely a trial would take place in state court within a year. Thus, Plaintiff argues this factor weighs against abstention.

### C.  Defendant Walmart's Reply (R. Doc. 12)

In its Reply, Defendant disagrees with Plaintiff's explanation as to why she filed the state court action. R. Doc. 12 at 1. While Plaintiff explained that she filed the claim in state court as a "back-up" option in the event there was no diversity jurisdiction, Defendant contends that the filings do not support this position. R. Doc. 12 at 1. Additionally, Defendant emphasizes that the state court case was filed nearly eight months before the federal suit. R. Doc. 12 at 2. Thus,

Defendant argues the Court should abstain until the state court reaches a final judgment. R. Doc. 12 at 2.

### III.    DISCUSSION

#### A.    Abstention under Colorado River

Defendant argues that Plaintiff's claims in federal court arising from the June 10, 2015 slip and fall must be stayed because they are virtually the same claims Plaintiff seeks in her state Court suit, which has not yet come to final judgment, pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Under *Colorado River*, federal district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id*. at 817. However, *Colorado River* also created an abstention doctrine by which federal courts may abstain from hearing cases under "exceptional circumstances where [abstention] would clearly serve an important countervailing interest." *Id*. at 813 (internal quotations omitted). The opinion created general categories when abstention is appropriate, including one concerned with "contemporaneous exercise of concurrent jurisdictions, either by federal courts or by federal and state courts." *Id*. at 817.

Specifically, the Supreme Court held abstention might be proper out of respect for "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). To determine whether circumstances permit staying a federal claim due to the presence of a concurrent state proceeding for reasons of wise judicial administration, the "threshold issue" is whether the two actions are "parallel." *St. Clair v. Wertzberger*, 637 F.Supp.2d 251, 255 (D.N.J. 2009). "[P]arallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.' " *Id*. (citing *IFC*

*Interconsult, AG v. Safeguard Intern. Partners, LLC.*, 438 F.3d 298, 306 (3d Cir. 2006)). Furthermore, the Court created a six factor test, stated concisely in *St. Clair*: "(1) which court first assumed jurisdiction over a relevant res, if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights." *Id.*; *see also Colorado River*, 424 U.S. at 818-19.

   Although this Court recognizes the validity of the *Colorado River* doctrine, the Fifth Circuit has demonstrated the high bar it has set for abstention by a district court. *See Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494 (5th Cir. 2002). In *Kelly*, the Fifth Circuit reviewed a district court's decision to abstain from exercising its jurisdiction in a controversy regarding promissory notes while another, similar suit was pending in Texas state court. In abstaining from the case, the district court had found abstention was warranted under several *Colorado River* factors, including that the federal court in Louisiana was an inconvenient forum, that piecemeal litigation would result if concurrent proceedings were permitted, and that the Texas proceeding had progressed further. *Id.* at 498. Still, the Fifth Circuit reversed the decision, reiterating that abstention is only proper under "exceptional circumstances." *Id.* at 497. The Court went on to explain that the decision to abstain must not be the result of a simple checklist, but requires fastidious balancing of the factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 498 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). Ultimately, the Court concluded the litigation was "merely duplicative," and that res judicata would ensure proper order of any irreconcilable rulings. *Id.* at 499.

   **B.      Analysis**

Here, the state and federal actions are parallel. Plaintiff initially filed a claim in state court, then sought to recover on similar grounds in federal court. In addition, the state and federal proceedings arise out of the same facts, and involve the same parties. Because the actions are parallel, the *Colorado River* doctrine applies. In determining whether to abstain under *Colorado River*, the Court must examine six factors to determine if exceptional circumstances exist that justify abstention. In assessing whether abstention is warranted, the federal court must keep in mind that "the balance [should be] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone,* 460 U.S. at 16. With this directive in mind, the Court will now analyze the *Colorado River* factors.

i. Assumption by Either Court of Jurisdiction Over a Res

Neither this Court nor the state court has exercised jurisdiction over any res or property. However, the absence of this factor is not neutral. Rather, the absence of this factor weighs against abstention. *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

ii. Relative Inconvenience of the Forums

Both the state and the federal proceedings are in close proximity to one another in southeastern Louisiana. The state forum is not more or less convenient than the federal forum. Therefore, this factor weighs against abstention. *Id*.

iii. Avoidance of Piecemeal Litigation

Piecemeal litigation can exist when there is more than one plaintiff, one defendant, and one issue. *See Murphy*, 168 F.3d at 738. This case involves one plaintiff, one defendant, and a single claim—negligence. To the extent that the federal and state cases are merely duplicative, however, this should not be a factor considered in an abstention determination. *See Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000). Moreover, in the *Colorado River* case,

the Court sought to avoid inconsistent rulings with respect to a piece of property. *See id*. As noted above, no property is involved in this case. Here, Plaintiff's federal action is duplicative of her state court action as there are nearly identical parties and claims. Although a plea of res judicata after the completion of the state court suit could reduce the possibility of inconsistent judgments, as the litigation currently exists the third factor favors abstention. *Id*. However, "*[d]uplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction." *Id*. Thus, the third factor weighs against abstention.

### iv. Order in Which Jurisdiction Was Obtained

When examining the order in which jurisdiction was obtained, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. Here, the state court action has not progressed substantially farther than its federal court counterpart. The parties have not engaged in significant discovery in either action, and there are no deadlines currently set in state court. Therefore, given the strong presumption in favor of exercising jurisdiction, this factor weighs against abstention.

### v. Whether Federal Law Provides the Rules of Decision on the Merits

"The absence of a federal-law issue does not counsel in favor of abstention." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988). The presence of a federal law issue must always be a major consideration weighing against surrender of jurisdiction, whereas the presence of state law issues weighs in favor of surrender only in rare circumstances. *See Moses H. Cone*, 460 U.S. at 26; *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988). Here,

Plaintiff's claims are governed by state law. Thus, this factor is neutral in the Court's abstention analysis.

> vi. Adequate Protection in State Court

This factor "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston*, 844 F.2d at 1193. Here, Plaintiff has adequate protection in state court, so this factor is neutral in regards to abstention.

> vii. Summary of Analysis

In light of the high standard for abstention in the Fifth Circuit, and the lack of "exceptional circumstances" in this case, the Court will not use the *Colorado River* doctrine to abstain from these proceedings. Thus, the Court declines to stay these proceedings until a judgment is reached in the pending case in state court.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Defendant's Motion to Stay, R. Doc. 4, is **DENIED**.


New Orleans, Louisiana, this 8th day of November, 2016.

_____

UNITED STATES DISTRICT JUDGE